FILED

FEBRUARY 5, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| QUINTON LEON FELTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0026 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a

September 14, 2009 prison disciplinary proceeding which resulted in the loss of 200 days

previously earned good time credits.  The disciplinary proceedings took place at the Middleton

Unit in Jones County, Texas.  As of the date the instant habeas application was filed, petitioner

was incarcerated in the Clements Unit in Potter County, Texas.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a

writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised

release (in order to have a constitutional expectancy of early release) and have received a

punishment sanction which included forfeiture of previously accrued good time credits (a

sanction affecting petitioner's fact or duration of confinement necessary for habeas relief).  *See*

*Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his habeas application, petitioner advises

he is in respondent's custody pursuant to a 2009 conviction for the felony offense of robbery out

of Dallas County, Texas, and the resulting 5-year sentence.  In his habeas application, petitioner

acknowledges he is not eligible for mandatory supervised release.  As petitioner is <u>not</u> eligible

for mandatory supervised release due to his conviction for robbery, *see*  Tex. Gov't Code §

508.149(a)(11) (2009), he may not challenge his prison disciplinary adjudication by way of a

federal petition for a writ of habeas corpus.


<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the petition for a writ of habeas corpus filed by petitioner

QUINTON LEON FELTON be DENIED.


<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of February, 2010.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).